IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| BARRY MOORE and DANNA MOORE, husband and wife, | ) ) ) | No. 36234-5-III |
| Appellants, | ) ) | |
| v. | ) ) | |
| | ) | UNPUBLISHED OPINION |
| CAROL HANSON, individually, and CAROL HANSON, SUCCESSOR TRUSTEE OF THE LLOYD O. LUEDECKE and DORIS L. LUEDECKE LIVING TRUST, | ) ) ) ) ) ) | |
| | ) | |
| Respondent. | ) | |

LAWRENCE-BERREY, C.J. — Barry Moore and Danna Moore appeal the trial court's summary judgment dismissal of three of their claims against Carol Hanson. We affirm the dismissal of two claims, but reverse the dismissal of one.

FACTS

This dispute arises out of Carol Hanson's desire to replace an unattractive rock wall and juniper bushes with a modern retaining wall on the boundary of her property with the Moores.

In 1965 or 1966, Ms. Hanson's parents, Lloyd Luedecke and Doris Luedecke, built a rock wall near the northern boundary of their property, 312 NW True Street. The rock wall fortified the embankment between their property and the moderately elevated property to the north, 1225 NW State Street. The Luedeckes added juniper shrubs just north of the rock wall, perhaps to further fortify the embankment and to provide privacy.

In 1989, Barry Moore and Danna Moore purchased 1225 NW State Street. At the time, there was a chain link fence between their property and the Luedeckes' property. There also were juniper shrubs on the Moores' side of the chain link fence. In 2013, Ms. Hanson became the owner of the True Street property.

Ms. Hanson sought to replace the rock wall with a more durable retaining wall. Ms. Hanson also sought to remove the overgrown juniper bushes on her property.

Ms. Hanson had a survey done to locate the boundary between the properties. She learned that the chain link fence wandered over to her side of the property line in one or more places. In 2014 or 2015, Ms. Hanson removed some juniper shrubs on her side of the fence and one juniper shrub on the Moores' side. The Moores noticed that one section of their chain link fence was bowed outward, as if damaged due to the removal of the shrub.

In May 2017, Ms. Hanson obtained a bid to install a retaining wall, and she hired an engineer to design the wall. Ms. Hanson shared the engineer's plans with the Moores to obtain their approval. The two parties could not agree on the design.

In June 2017, the Moores discovered that a section of the embankment along their fence was gone. The Moores contend that the embankment had been excavated. Ms. Hanson contends that the embankment had merely eroded over time. Nevertheless, the loss of dirt caused one of the concrete fence footings to be exposed and caused a gap of approximately six inches to appear on the Moores' side of their fence.

Ms. Hanson hired a second engineer, Paul Nelson, to design a suitable wall. The Moores did not object to the second design; rather, they objected to the removal of the juniper shrubs. The city of Pullman approved Mr. Nelson's wall design and the corresponding application for building and storm water services permit.

On November 8, 2017, the Moores filed suit against Ms. Hanson. The Moores sought an injunction to permit them to replace the wall and landscaping on Ms. Hanson's property and also asserted claims for adverse possession along the chain link fence, removal of lateral support, timber trespass, and nuisance due to the loss of privacy.

Ms. Hanson filed a motion for partial summary judgment to dismiss all claims except the adverse possession claim. The trial court heard oral argument and granted the

motion. The dismissal order also permits Ms. Hanson to build her retaining wall in accordance with the approved plans.

The Moores timely appealed to this court. They do not appeal the trial court's order to the extent it permits Ms. Hanson to build the approved retaining wall. The Moores agree that their request for injunctive relief is now moot.

The trial court later entered CR 54(b) certification language so we could retain the appeal, despite the adverse possession claim pending below.

## ANALYSIS

This court reviews a summary judgment order de novo, engaging in the same inquiry as the trial court. *Keck v. Collins*, 181 Wn. App. 67, 78, 325 P.3d 306 (2014), *aff'd*, 184 Wn.2d 358, 357 P.3d 1080 (2015). "Summary judgment is proper if the records on file with the trial court show 'there is no genuine issue as to any material fact' and 'the moving party is entitled to a judgment as a matter of law.'" *Id.* at 78-79 (quoting CR 56(c)). We view all evidence and reasonable inferences in the light most favorable to the nonmoving party. *Id.* at 79.

LOSS OF LATERAL SUPPORT

The Moores argue the trial court erred in granting summary judgment for Ms. Hanson on the loss of lateral support claim. The Moores contend that the declarations of

Barry Moore and their expert Evan Laubach created a genuine issue of material fact as to the loss of lateral support caused by Ms. Hanson excavating around the fence. In its oral ruling, the court found that there was no evidence presented that Ms. Hanson did anything to cause the lack of lateral support.

*Bay v. Hein*, 9 Wn. App. 774, 776-77, 515 P.2d 536 (1973) recognized the duty to provide lateral support and a cause of action for damages if the loss of lateral support results in damages to the adjoining landowner. The right to lateral support is not merely a common law right, but also stems from the constitutional right that prohibits the taking or damaging of real property for public or private use without just compensation. *Id.* at 776 (citing *Bjorvatn v. Pac. Mech. Constr. Inc.*, 77 Wn.2d 563, 464 P.2d 432 (1970)).

In his declaration, Evan Laubach states:

> The current loss of stability of the fence is due to the removal of soil from the bases of the fence posts. In one case, the concrete base has been completely exposed. Whether this is intentional removal of soil currently or it is subsidence of the soil from natural causes after the fact of the original cutting of the embankment, the cause of the fence failure is due to actions of the past or present owners of the Hanson property.

Clerk's Papers at 77. This shows that Mr. Laubach could not conclude that Ms. Hanson caused the failure of lateral support.

In Mr. Moore's declaration, he restates opinions from engineers including Andy Abrams of Geo Professional Innovation, Paul T. Nelson of Inland Pacific Engineering

5

Company, and Mr. Laubach.  Ms. Hanson moved to strike these hearsay portions of Mr. Moore's declaration, and the court granted the motion.  The Moores do not assign error to the trial court's decision to strike certain portions of Mr. Moore's declaration.

A party's failure to assign error or to provide argument and citation of authority in support of an assignment of error precludes appellate consideration of the alleged error. *Camer v. Seattle Post-Intelligencer*, 45 Wn. App. 29, 36, 723 P.2d 1195 (1986).  Thus, we cannot consider Mr. Moore's recitations of third-party engineers' opinions regarding loss of lateral support.  Mr. Moore's personal opinion is that Ms. Hanson caused the loss of lateral support to their fence by excavating around the juniper shrubs.  This lay opinion fails to raise a material issue of fact regarding the causation for the purported lack of lateral support.

Ms. Hanson completed the approved retaining wall after the trial court entered its summary judgment order.[1]  If the current retaining wall, built *after* the trial court's order, provides insufficient lateral support, neither that order nor this court's opinion precludes the Moores from so asserting.  We nevertheless affirm the trial court's order summarily dismissing the Moores' claim for loss of lateral support.

---

[1] Ms. Hanson included a picture of the completed retaining wall in an appendix to her brief.  The Moores moved to strike this appendix, as it was not part of the record below.  We grant their motion.

TIMBER TRESPASS

The Moores argue the trial court erred by dismissing their claim for timber trespass. They presented photographic evidence that Ms. Hanson removed one juniper shrub that was on their side of the fence.[2] The Moores contend that a genuine issue of material fact exists because Ms. Hanson acknowledged in her declaration that she removed a juniper shrub by sawing off the trunk and pulling the branches onto her yard. We agree.

In its oral ruling, the trial court held that the removal of the juniper shrub acknowledged by Ms. Hanson was "de minimis" and did not rise to the level of timber trespass. Report of Proceedings at 7. On appeal, Ms. Hanson does not argue in favor of a de minimis exception to liability. Instead, she argues she was entitled to remove the shrubs on her side of the boundary and implies that the disputed shrub was on her property.

The reserved adverse possession claim makes it impossible for us to determine whether the juniper shrub was on the Moores' property or Ms. Hanson's property. If Ms.

---

[2] The Moores claim that Ms. Hanson removed numerous juniper shrubs from their property. Their claim is based on the factually unsupported argument that the juniper shrubs, rather than the fence, represent the boundary line. Their argument is inconsistent with their pending adverse possession claim, which is premised on the location of the *fence*.

7

Hanson did, in fact, remove the shrub from the Moores' property, such an act might trigger liability under Washington's timber trespass statute, RCW 64.12.030. We reverse the trial court's order summarily dismissing the timber trespass claim.

NUISANCE

The Moores argue the trial court erred by dismissing their nuisance claim. They claim that the removal of their juniper shrubs deprived them of privacy on their property.

A "nuisance" is defined by statute as:

> "[U]nlawfully doing an act, or omitting to perform a duty, which act or omission either annoys, injures or endangers the comfort, repose, health or safety of others, offends decency . . . or in any way renders other persons insecure in life, or in the use of property."

*Asche v. Bloomquist*, 132 Wn. App. 784, 799, 133 P.3d 475 (2006) (quoting RCW 7.48.120).

The only arguably unlawful act was Ms. Hanson's removal of *one* juniper shrub on the Moores' property. The Moores' arguments center on the factually unsupported claim that Ms. Hanson removed numerous juniper shrubs from their property. The Moores do not argue that removal of *one* juniper shrub interferes with the use of their property. Nor would we accept such an argument. We conclude the trial court did not err when it dismissed the Moores' nuisance claim.

8

No. 36234-5-III
*Moore v. Hanson*

Affirm dismissal of two claims, reverse dismissal of one claim.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_Lawrence-Berrey, C.J._
Lawrence-Berrey, C.J.

WE CONCUR:

_Siddoway, J._
Siddoway, J.

_Fearing, J._
Fearing, J.

9